**Lenahan & Dempsey, P.C.**
By: Kelly J. Lenahan, Esquire
I.D. No. 90748
116 N. Washington Avenue
Lenahan & Dempsey Professional Building
Suite 400
P.O. Box 234
Scranton, Pennsylvania 18501-0234
(570) 346-2097 Telephone
(570) 346-1174Facsimile
E-Mail: kjl@lenahandempsey.com

Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JENNIFER POSGAI and
TODD POSGAI,
Her Husband

        **Plaintiffs**,

   v.

KOSTADIN SLAVKOV and
SEVEN HILLS TRANSPORTATION,
INC.

        **Defendants**.

CIVIL ACTION NO:

JURY TRIAL DEMANDED

## COMPLAINT

**COME NOW**, the **Plaintiffs**, Jennifer Posgai and Todd Posgai, her husband, who, by and through their undersigned counsel, Lenahan & Dempsey, P.C., by Kelly J. Lenahan, Esquire, aver as follows against the **Defendants**, Kostadin Slavkov and Seven Hills Transportation, Inc.:

1.     **Plaintiffs**, Jennifer Posgai (**Plaintiff Wife**) and Todd Posgai (**Plaintiff Husband**), her husband, are adult, competent individuals currently residing at 10507 Aspen Wood Court, Manassas, Virginia.   At all times relevant herein, Jennifer Posgai and Todd Posgai, are/were legally husband and wife.

2.     **Defendant**, Kostadin Slavkov, (**Defendant Driver**) is, upon information and belief, a competent adult individual, who presently resides at 18685 Queen Circle N.W., Elk River, MI 55330.

3.     **Defendant**, Seven Hills Transportation, Inc. (hereinafter **Defendant Trucking**) is, upon information and belief, a corporation, licensed by the I.C.C. and engaged in the trucking industry, which services several U.S. states, including the Commonwealth of Pennsylvania, and which has a primary business address of 1450 New Wilke Road, #206, Arlington Heights, Illinois, and which regularly hauls freight in the Commonwealth of Pennsylvania.

4.     At all times pertinent hereto, **Defendant Driver**, Kostadin Slavkov, was the agent, servant, workman and/or employee of **Defendant Trucking**, and was acting within the course and scope of his employment.

5.     Jurisdiction for this Federal lawsuit is founded upon complete diversity of citizenship and a claim in excess of $75,000 pursuant to 28

U.S.C. §1332.   Venue for this claim is within the United States District Court for the Middle District of Pennsylvania, which is where the cause of action arose and the injuries of the **Plaintiff Wife**, as described herein, took place.

6.     At all times relevant herein, **Plaintiff Wife**, Jennifer Posgai, was the owner/operator of a 2009 Volkswagen Jetta, registered in the Commonwealth of Virginia and bearing license plate number 8883BBB. (Her passenger, Lana Posgai was also injured in this collision and is a plaintiff in a companion case filed in This Court)

7.     At all times pertinent hereto, **Defendant Driver**, Kostadin Slavkov, was the operator of a 2007 Volvo tractor trailer, registered in the State of Illinois, bearing license plate P785515, which vehicle was owned by **Defendant Trucking**.

8.     At approximately 6:21 pm, on December 7, 2015, **Plaintiff Wife**, Jennifer Posgai, was involved in a severe motor vehicle collision caused by **Defendant Driver**, Kostadin Slavkov, on Route 15 South (Blue and Grey Highway) in Straban Township, Adams County, Pennsylvania.

9.     **Defendant Driver** was operating the aforementioned tractor trailer on Route 15 South in the left/passing lane, when he merged into the right lane.   At that time, the right lane was then and there occupied by the Posgai vehicle, which was being driven by **Plaintiff Wife**, Jennifer Posgai.

10.   Because **Defendant Driver** negligently operated the tractor trailer in this way, his tractor trailer collided with the Posgai vehicle, which was lawfully and appropriately traveling in the right lane.

11.   At all times relevant herein, **Defendant Driver**, failed to use proper and due care under the circumstances which would have alerted him to the Posgai vehicle, which was already traveling in the adjacent right lane.

12.   Because this lane was already occupied by the **Plaintiff Wife's** vehicle, the **Defendants'** tractor trailer struck the Posgai vehicle on the driver's side with sufficient force that **Plaintiff Wife** suffered severe personal injuries.

13.   At all times relevant herein, the impact/collision, which resulted from the tractor trailer striking the Posgai vehicle, occurred in right lane of travel occupied by the Posgai vehicle, and not in the tractor trailer's lane of travel.

14.   It is believed and averred that **Defendant Driver**, in the course and scope of his employment with **Defendant Trucking**, was not attentive to the roadway and road conditions, then and there existing, and was operating the tractor trailer with careless disregard to other motorists on the roadway, including **Plaintiff Wife**, thereby causing the aforementioned collision.

15.   It is further believed and averred **Defendant Driver** was operating the tractor trailer while excessively fatigued, and/or in excess of his regulated hours of travel, which rendered it unsafe for him to travel upon the roadways of the Commonwealth of Pennsylvania.   By operating this tractor trailer while excessively fatigued, he failed to give sufficient attention to the roadway, in reckless disregard to the motoring public including **Plaintiff Wife**.

16.   The aforementioned conduct demonstrates a reckless indifference to the safety of the **Plaintiff**, and subjects **Defendant Driver** to punitive damages, as described in Count II of **Plaintiff's** Complaint.

17.   Because **Defendant Driver** was operating this tractor trailer in the course and scope of his employment with **Defendant Trucking**, **Defendant Trucking** is also vicariously liable for all punitive damages assessed against its employee, **Defendant Driver**, for the reasons set forth in Count II, by operation of **<u>Shiner v. Moriarity</u>**, 706 A.2d 1228 (Pa. Super. 199

18.   At all times relevant to the Complaint, **Plaintiff Wife** was not negligent in a contributory or comparative fashion, as the collision occurred in her lane of travel due to careless lane changing by **Defendant Driver.**

19.    At all times relevant to this Complaint, **Plaintiff Wife** resided in the Commonwealth of Virginia and is not subject to Pennsylvania tort selection regulations. Additionally, the aforementioned tractor trailer was a vehicle registered in the State of Illinois.    Therefore, tort selection is inapplicable pursuant to 75 Pa. C.S.A. §1705 (d)(1)(ii).

20.    As a direct and proximate result of the aforesaid collision, **Plaintiff Wife** sustained serious permanent personal injuries, loss and disabilities including but not limited to:

a.  closed head injury;

b.  post concussive syndrome;

c.  post traumatic headaches;

d.  cervical spine injury;

e.  severe bilateral hip pain;

f.  visual impairments;

g.  visual tracking abnormalities;

h.  visual perceptual abnormalities;

i.  intermittent vertical diplopia;

j.  balance impairments;

k.  dizziness;

l.  restricted movement and range of motion in head and neck;

m. muscular spasticity and tightness in cervical spine;

n. cognitive impairments;

o. post-traumatic stress disorder;

p. aggravation of pre-existing conditions;

q. muscle spasms;

r. weakness in affected areas;

s. diffuse and traumatic injuries to the bones, joints, tissues, and muscles of **Plaintiff Wife's** entire body; and

t. any and all injuries listed in **Plaintiff Wife's** medical records.

21.     Each of the aforementioned disabling injuries, losses, and disabilities sustained by **Plaintiff Wife** as a result of the subject collision have caused and will cause pain for an indefinite time in the future and continue to cause great pain, agony and suffering, both physical and mental, which will require future medical care for the lifetime of **Plaintiff Wife**.

22.     As a direct and proximate result of the negligent and careless actions of the **Defendants**, **Plaintiff Wife** was forced to undergo medical treatment and testing, including, but not limited to: medical facility visits, x-rays, MRIs, physical therapy, injection therapy, use of pain medications, and all other treatment and therapies listed in **Plaintiff Wife's** medical records.

23. As a further result of the aforesaid accident and injuries sustained, **Plaintiff Wife** has, and will/may, forever in the future, be forced to expend various and substantial sums of money for medicine and medical attention in and about endeavoring to treat and cure her injuries, all to her financial loss and damage.

24. As a result of the aforesaid accident and injuries sustained, **Plaintiff Wife** has been, and continues to be, unable to go about her daily occupations and activities.

25. As a result of the aforesaid accident and injuries sustained, **Plaintiff Wife** has suffered and will for an indefinite time into the future suffer physical pain, mental anguish, humiliation, embarrassment, and loss of the pleasures of everyday life.

26. As a result of the aforesaid accident and injuries sustained, **Plaintiff Wife** will/may incur financial expenses which do or may exceed amounts which she may be otherwise entitled to recover.

27. As a direct and proximate result of the negligence and carelessness of the **Defendants**, **Plaintiff Wife** has experienced the following harm, damages and losses:

    a. Past, present, and future pain and suffering;

b. Past, present, and future emotional distress, embarrassment, humiliation, and mental anguish;

c. Past, present, and future medical expenses;

d. Past, present, and future loss of life's pleasures;

e. Past, present, and future disfigurement;

f. Past, present, and future disability, with loss of past, present, and future loss of earnings and earning capacity.

28.     **Plaintiff Husband**, Todd Posgai, alleges a claim for loss of consortium based upon the injuries, disabilities, and losses to his spouse. **Plaintiff Husband** has been, and will in the future continue to be deprived of his wife's aid, comfort, service, and society, companionship, and affection, all to his great detriment and loss.

## COUNT I
## PLAINTIFFS V. DEFENDANT DRIVER KOSTADIN SLAVKOV
## NEGLIGENCE

29.     **Plaintiffs** repeat and re-allege each and every allegation and averment set forth in paragraphs 1 through 28 above as if set forth at length herein.

30.     The negligent conduct of the **Defendant Driver**, consisted of the following:

a) failure to properly control the tractor trailer he was operating, thereby crossing into the adjacent lane and crashing into **Plaintiff Wife's** vehicle;

b) failure to keep a safe and adequate look out for private passenger motor vehicles traveling in adjacent travel lanes to avoid the type of collision which occurred;

c) failure to negotiate a safe and careful lane change so as to avoid striking another vehicle;

d) failure to take proper and evasive action so as to avoid striking another vehicle;

e) operating the tractor trailer without due and proper regard for the rights, safety and position of the **Plaintiff Wife**;

f) operating the tractor trailer in such a manner as to bring it into forcible contact with another's vehicle;

g) failure to remain attentive and alert at all times;

h) failure to maintain a proper and adequate lookout of the roadway and traffic conditions;

i) operating the tractor trailer at a high and excessive rate of speed under the circumstances then and there existing;

j) creating a hazardous situation by failing to look for and observe **Plaintiff Wife's** vehicle in the adjacent lane immediately to his right before negotiating a lane change;

k) failing to maintain the tractor trailer in proper mechanical and operating condition;

l) failing to yield the right-of-way to the vehicle then operated by **Plaintiff Wife**;

m) failure to abide by the traffic laws of the Commonwealth of Pennsylvania;

n) driving the tractor trailer unit in careless disregard to **Plaintiff Wife**;

o) failing to stay or remain in his own, proper, lane of travel;

p) failing to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of Straban Township, in and about

operating the tractor trailer on the highways and roadways of the Commonwealth of Pennsylvania;

q) operating the tractor trailer in violation of the rules and regulations of the Federal Motor Carrier Safety Administration ("FMCSA");

r) driving beyond hours of service requirements;

s) driving with log book violations;

t) operating the aforesaid tractor trailer when he knew or should have known that he was excessively tired and/or fatigued to do so in a safe and reasonable manner;

u) failing to properly control his tractor trailer unit in light of the circumstances then and there existing;

v) failing to react reasonably and appropriately in response to the traffic conditions and roadway design then and there existing;

w) failing to make necessary and reasonable observations while operating his tractor trailer unit;

x) failing to utilize appropriate safety equipment;

y) failing to provide warning to other motorists on the roadway of his dangerous and unsafe lane change;

z) violating both the written and unwritten policies, rules, guidelines and regulations of **Defendant Trucking**;

aa) failing to apprise himself of and/or abide by the written and unwritten policies, procedures and/or guidelines of the **Defendant Trucking**;

bb) failing to apprise himself of the FMCSA;

cc) failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

dd) failing to perform and/or adequately perform a pre-trip inspection;

ee) operating his tractor trailer unit when he knew or should have known that he was unable to operate the vehicle in a safe and reasonable manner;

ff) continuing to operate his tractor trailer unit when he knew or should have known that further operation would pose an unreasonable risk of injury and/or harm to those traveling upon the roadway;

gg) failing to ensure the tractor trailer that he was

operating was sufficiently conspicuous to other

motorist operating on the roadway;

hh) failing to comply with industry standards;

ii) driving while excessively tired or overly fatigued, and

in violation of his regulated hours of operation of a

tractor trailer.

31.    The negligent actions of the **Defendant Driver**, were a factual

cause of the **Plaintiffs'** harm, injuries and all of the damages, all of which

have been set forth in the preceding and proceeding paragraphs of this

Complaint.

32.    At all times pertinent hereto, **Defendant Driver** was the agent,

servant, and/or employee of **Defendant Trucking** and was acting within the

scope and course of that authority, agency, employment and consent at the

time of the subject motor vehicle collision, making **Defendant Trucking**

vicariously liable for his tortious conduct.

**WHEREFORE,** the **Plaintiffs**, Jennifer Posgai and Todd Posgai , her

husband, demand judgment against the **Defendant**, Kostadin Slavkov, in an

amount in excess of $75,000.00 plus costs and interest as the Court and jury

may award.

<u>**COUNT II**</u>
<u>**PLAINTIFFS V. DEFENDANT DRIVER KOSTADIN SLAVKOV**</u>
<u>**RECKLESSNESS**</u>

33.    **Plaintiffs** repeat and re-allege each and every allegation and averment set forth in paragraphs 1 through 32 above as if set forth at length herein.

34.    In addition to the above-referenced acts, **Plaintiffs**, Jennifer and Todd Posgai, allege that the following actions/inactions constitute a reckless and conscious indifference towards **Plaintiffs'** rights and safety and the consequences of **Defendant Driver's** actions further demonstrate outrageous, wanton and gross indifference as follows:

a) knowingly and deliberately violating the law by driving in excess of allowed hours of safe operation;

b) driving while excessively fatigued or over tired which impaired his reaction time and judgment to the extent that a collision resulted;

c) knowingly and deliberately operating the tractor trailer in a reckless and endangering fashion by failing to follow applicable Federal

Motor Carrier Safety Regulations, such as those that dictate driving hours and operating a vehicle while excessively fatigued;

d) deliberately engaging in activity/inactivity that prevented his ability to keep attentive to the roadway;

e) consciously engaging in the aforementioned conduct when **Defendant Driver** knew or should have known that doing so posed a risk to **Plaintiff Wife** and the motoring public in general;

f) knowingly and deliberately by his conduct, as aforesaid, being consciously indifferent to the rights and safety of **Plaintiff Wife**.

g) knowingly violating the motor vehicle laws of the Commonwealth of Pennsylvania and the FMCSA.

35.    **Plaintiffs** allege that this conduct of the **Defendant Driver** as alleged above, which is adopted herein and incorporated by reference, constitutes a reckless and conscious indifference to the rights and safety of the **Plaintiffs** and the consequences of **Defendant Driver's** actions (as described herein) further demonstrate outrageous, wanton, and gross indifference to the rights of the **Plaintiffs.**  As a result, **Plaintiffs** are entitled to an award of punitive damages against the **Defendant Driver.**

**WHEREFORE,**  the **Plaintiffs**, Jennifer Posgai and Todd Posgai, her husband, demand judgment against the **Defendant**, Kostadin Slavkov, in an

amount in excess of $75,000.00 plus costs and interest, and punitive damages, as the Court and jury may award.

### COUNT III
### PLAINTIFFS V. DEFENDANT TRUCKING
### CORPORATE NEGLIGENCE

36.   **Plaintiffs** incorporate by reference and re-allege each and every allegation and averment set forth in paragraphs 1 through 35 of this Complaint above as if set forth at length herein.

37.   The negligent and careless conduct of **Defendant Trucking**, consisted of the following:

> a) failing to properly train, monitor and supervise its employees, drivers and/or agents, including **Defendant Driver**;
>
> b) failing to adopt and/or enforce employee manuals and/or training procedures;
>
> c) permitting **Defendant Driver** to operate the subject tractor trailer under its authority when it knew or should have known that such operation posed a risk to others lawfully on the roadway;

d) failing to adopt appropriate safety policies and procedures for its employees, drivers and/or agents;

e) failing to instruct its employees, drivers and/or agents regarding safe and proper negotiation of turns from the middle travel lane;

f) failing to ensure its drivers, employees and/or agents were aware of and complied with the laws of the Commonwealth of Pennsylvania, the FMCSA regulations and local ordinances pertaining to the safe operation of freightliners;

g) failing to require that his drivers attend safety meetings;

h) failing to hire and train competent drivers to operate vehicles, driven under its authority, in a safe and effective manner;

i) failing to thoroughly investigate the background of **Defendant Driver** regarding his ability to safely operate a tractor trailer;

j) allowing a tractor trailer to be driven under its direction, control or authority when it knew or should have known that **Defendant Driver** would operate the aforementioned vehicle negligently, recklessly, and/or carelessly;

k) failing to thoroughly monitor and evaluate the driving performance of **Defendant Driver** before hiring him to drive the aforementioned tractor trailer at its direction and control;

l) failing to ensure that **Defendant Driver** was adequately trained and experienced to operate a tractor-trailer and conduct all necessary aspects of safe operation;

m) failing to supervise employees, drivers or agents, particularly **Defendant Driver**, to ensure proper and safe operation of tractor-trailers driven under its authority;

n) failing to supervise employees, drivers, or agents, particularly **Defendant Driver**, to ensure its drivers are keeping proper log books;

o) failing to supervise employees, drivers or agents,  particularly **Defendant Driver**, to ensure its drivers are not exceeding travel hours or driving while excessively fatigued or tired;

p) failing to provide appropriate training to its employees, drivers or agents, such as **Defendant Driver**, to avoid or lessen the likelihood of collisions wherein its driver crosses/merges into the adjacent lanes of travel without yielding to the traffic already occupying that lane;

q) allowing a vehicle to be driven under its control and authority on the roads of this Commonwealth without due regard to the safety of others traveling on the roads; and

r) carelessly allowing a large commercial vehicle to be driven under its control and authority when it knew or should have known that **Defendant Driver** was incapable of safe driving and/or would attempt unreasonably unsafe maneuvers.

38. The negligent actions of **Defendant Trucking**, were a factual cause of the **Plaintiffs'** injuries and all of the damages, all of which have been set forth in the preceding and proceeding paragraphs of this Complaint.

**WHEREFORE,** the **Plaintiffs**, Jennifer Posgai and Todd Posgai, her husband, demand judgment against the **Defendant Trucking**, Seven Hills Transportation, Inc. in an amount in excess of $75,000.00 plus costs and interest, as the Court and jury may award.

## COUNT IV
## PLAINTIFFS V. DEFENDANT TRUCKING
## VICARIOUS LIABILITY

39. **Plaintiffs** incorporate by reference and re-allege each and every allegation and averment set forth in paragraphs 1 through 38 of this Complaint above as if set forth at length herein.

40.   As alleged herein, **Defendant Driver** was the agent, servant and/or employee of **Defendant Trucking** at the time when this collision occurred.   Moreover, **Defendant Driver** was operating the tractor trailer rig, which was involved in the collision in interstate commerce under the **I.C.C. Authority** granted **Defendant Trucking** to allow it to operate its trucking/hauling business in Pennsylvania.   The rig driven by **Defendant Driver** had placards on both the tractor and trailer units which confirmed that said rig was being driven in interstate commerce by the agent, servant and/or employee of **Defendant Trucking**.

41.   By virtue of Pennsylvania's Common Law and Federal Laws and Regulations, **Defendant Trucking** is vicariously liable for all of the tortious conduct of **Defendant Driver.**

42.   Because **Defendant Driver** was operating this tractor trailer in the course and scope of his employment with **Defendant Trucking**, **Defendant Trucking** is also vicariously liable for all punitive damages assessed against its employee, **Defendant Driver**, for the reasons set forth in Count II, by operation of **Shiner v. Moriarity**, 706 A.2d 1228 (Pa. Super. 199).

**WHEREFORE,**  the **Plaintiffs**, Jennifer Posgai and Todd Posgai, her husband, demand judgment against the **Defendant Trucking**, Seven Hills

Transportation, Inc. in an amount in excess of $75,000.00 plus costs and interest, and punitive damages, as the Court and jury may award.

**Respectfully submitted,**

**Lenahan & Dempsey, P.C.**

**By** _____

**Kelly J. Lenahan, Esquire**